**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No.: 19-11870-jlg |
| | ) | |
| Heng Li Zhu, | ) | |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| | ) | |
| Jin Zhong Xin and Ruixuan Cui | ) | Adversary No.: 19-01358-jlg |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF CROSS MOTION** |
| Heng Li Zhu, | ) | **TO DISMISS PURSUANT TO** |
| | ) | **FEDERAL RULE OF CIVIL** |
|     Defendant. | ) | **PROCEDURE RULE 12(B)(6),** |
| | ) | **MADE APPLICABLE TO** |
| | ) | **BANKRUPTCY PROCEEDINGS** |
| | ) | **BY BANKRUPTCY RULE 7012** |
| | ) | |

PLEASE TAKE NOTICE that upon the annexed Memorandum of Edward Miller, Esq., and all exhibits attached thereto, and upon all prior pleadings and proceedings herein, the undersigned shall move this Court, at the United States Bankruptcy Court for the Southern District of New York, at One Bowling Green, New York, New York 10004, before the Honorable Judge James L. Garrity, Jr., for an order pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012, dismissing the case for failing to allege sufficient facts to support a claim upon which relief may be granted.

Dated: New York, New York
       October 13, 2021

                                                                              Shi & Associates,

By: s/Edward Miller  
Edward Miller, Esq.  
Attorneys for Heng Li Zhu  
401 Broadway, Suite 409  
New York, NY 10013  
Tel: (212)965-8686

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Case No.: 19-11870-jlg |
| Heng Li Zhu, | ) | |
| Debtor. | ) | |
| Jin Zhong Xin and Ruixuan Cui | ) | Adversary No.: 19-01358-jlg |
| Plaintiff, | ) | |
| v. | ) | |
| Heng Li Zhu, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND IN SUPPORT OF CROSS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**PROCEDURAL HISTORY**

Plaintiff commenced this action against Defendant Heng Li Zhu objecting to dischargeability of debts owed to Plaintiff on September 15, 2019. *See* Dkt. No. 1.

On January 13, 2020, Plaintiffs filed their first amended complaint objecting to dischargeability. *See* Dkt. No. 12. Plaintiff alleged that Defendant caused willful and malicious injury to Plaintiff and made false oaths in connection with this bankruptcy case.

Because Plaintiffs have failed to allege sufficient facts to constitute a violation of 11 USC 523(a)(2)(A) or (a)(6), or U.S.C. § 727(a)(4)(A) (the entirety of Plaintiffs' complaint), this case should be dismissed without leave to amend, pursuant to Federal Rule of Civil Procedure Rule

12(b)(6), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012), for failing to allege sufficient facts to support a claim.

## ARGUMENT

Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied because it adds no facts that have any impact on the underlying causes of action.

The Complaint alleges two types of violations (under two different sections of the Bankruptcy Code); firstly, under Section 523 which provides for the forfeiture of dischargeability of a single debt, and secondly, under Section 727 which renders the entire bankruptcy ineffective (denial of bankruptcy discharge altogether).

**I. The Allegations in Plaintiffs' Proposed Second Amended Complaint Do Not State a Claim Under 11 USC 523(a)(2)(A) or 11 USC 523(a)(6)**

Section 523(a)(6) bars the discharge of any debt that is the product of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). *In re Orly*, 15-11650(JLG), 2016 WL 4376947, at *3 [Bankr SDNY Aug. 10, 2016].

11 USC 523(a)(2)(A) and (a)(6) provides:

> **(a)** A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> ……..
> **(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> ……..
> **(6)** for willful and malicious injury by the debtor to another entity or to the property of another entity;

"Exceptions to discharge 'should be confined to those plainly expressed.' *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915)." *Kawaauhau v Geiger*, 523 US 57, 62, 118 S Ct 974, 977, 140 L Ed 2d 90 [1998].

A finding of *willful* violation of the FLSA, does not *ipso facto* mean that there is *malicious* injury under Section 523(a)(6) of the Bankruptcy Code; proving one does not prove the other,….something more is required to prove maliciousness.

> ***[E]mployer liability under the FLSA does not require the kind of "aggravated, socially reprehensible conduct" identified by the court in In re Blankfort, or conduct motivated solely by the desire to "inflict harm upon the creditor," as noted by the courts in In re Orly and In re Stelluti.*** As the Second Circuit explained, "[a]bove and beyond the plain language ... the remedial nature of the [FLSA] further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.' " *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Comm. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

*In re Qiao Lin*, 576 BR 32, 59-60 [Bankr EDNY 2017].[1]

In *Qiao Lin* the *something more* arguably establishing maliciousness was the restaurant owner's alleged reaction to the push back of his employees: (1) he fired two employees after they objected to the debtor's violations of the Fair Labor Standards Act; and, (2) when the employees

---

[1] "The terms 'willful' [as used in the FLSA] and 'malicious' are separate elements with distinct meanings and both must be satisfied by a preponderance of the evidence. *Rescuecom Corp. v. Khafaga (In re Khafaga),* 419 B.R. 539, 548 (Bankr.E.D.N.Y. 2009); *Rupert v. Krautheimer (In re Krautheimer),* 241 B.R. 330, 340–41 (Bankr.S.D.N.Y. 1999). See also *Barclays American/ Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 881 (8th Cir. 1985) (The terms 'willful' and 'malicious' 'should not be lumped together to create an amorphous standard to prevent discharge from any conduct that may be judicially considered to be deplorable.'). To promote the 'fresh start' policy of the Bankruptcy Code, courts narrowly construe the exceptions to dischargeability enumerated in § 523(a)(6). *In re Bonnanzio,* 91 F.3d 296, 300 (2d Cir. 1996); *Orr v. Marcella (In re Marcella* ), 463 B.R. 212, 219 (Bankr.D.Conn. 2011)."

*In re Orly*, 15-11650(JLG), 2016 WL 4376947, at *3 [Bankr SDNY Aug. 10, 2016].

started efforts to unionize in response to debtor's violations of the FLSA, the debtor intimidated them:

> Plaintiffs argue that Mr. Lin acted with malice by "engaging in a course of conduct geared toward intimidating his employees into abandoning their [legal] rights," including posting anti-union posters in the workplace and firing Plaintiffss Mr. Zheng and Mr. Wu in retaliation for their protests. Plfs' Mem. at 31.

*In re Qiao Lin*, 576 BR 32, 51 [Bankr EDNY 2017].

*In re Orly* dealt with a motion to dismiss an adversary proceeding which – like the present case – sought to have a FLSA judgment rendered non-dischargeable under Section 523 of the Bankruptcy Code (five plaintiffs had gotten judgments against the debtor). 15-11650(JLG), 2016 WL 4376947, at *3 [Bankr SDNY Aug. 10, 2016].  The *Orly* court granted the motion in two of the five cases, and denied the motion in the other three.  What was the difference?  What was the *something more* that distinguished the three cases that survived the motion to dismiss (that, if proven, would be sufficient to show malice), from the two garden variety FLSA cases that did not survive the motion to dismiss?

> the Plaintiffs allege that in furtherance of the unlawful corporate policy, the Debtor did not merely deny the Plaintiffs their lawful compensation, but also he required them to "pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs"

*In re Orly,* 15-11650(JLG), 2016 WL 4376947, at *7 [Bankr SDNY Aug. 10, 2016].

The charging of employees for their own tools, was the only thing different about the cases that survived the motion to dismiss, and those that were dismissed.  These facts were found by the court to, "establish aggravating circumstances evidencing conduct by the Debtor so reprehensible as to warrant relief under § 523(a)(6)." *In re Orly*, 15-11650(JLG), 2016 WL 4376947, at *7 [Bankr SDNY Aug. 10, 2016].

A *willful* or intentional violation of the FLSA does not constitute a *malicious* violation under the Bankruptcy Code:

> an intentional breach of statutory duties by a debtor, whose conduct is clearly motivated by the prospect of financial gain, is not sufficient alone to imply malice. *Luppino,* 221 B.R. at 700. The Plaintiffs must also allege that there was some aggravating circumstances evidencing conduct [by the Debtor] so reprehensible as to warrant denial of the 'fresh start' to which the 'honest but unfortunate' debtor would normally be entitled under the Bankruptcy Code." *Blankfort,* 217 B.R. at 144; *Luppino,* 221 B.R. at 700 (same).

*In re Orly*, 15-11650(JLG), 2016 WL 4376947, at *6 [Bankr SDNY Aug. 10, 2016].

Plaintiffs' proposed second amended complaint alleges no *reprehensible aggravating circumstances* setting this case apart from other garden variety FLSA cases. It was a willful violation of the FLSA, but facts constituting malice are not alleged. Without *something additional* (retaliation against the complaining employees, taking money *from* the employees to pay for their own work tools and uniforms), there is simply no malice.

Plaintiffs also attempt to force a 523(a)(2)(A) claim (debt "obtained by--**(A)** false pretenses, a false representation, or actual fraud"), but the "facts" they allege could be said of all FLSA violations.

Plaintiffs' alleged conduct is typical of every FLSA case. Because the proposed amended complaint fails to set forth any fact supporting a finding of malice – it fails to set forth any facts that would constitute *aggravating circumstances* – Plaintiffs' complaint fails to state a claim for a violation of Section 523(a)(6) of the Bankruptcy Code .

By now, with Plaintiffs having taken his complaint through three generations, Plaintiffs have had every opportunity to state a claim (they have taken Defendant's deposition). They have not done so. Accordingly, for the above reasons, Plaintiffs' first and second causes of action in his second amended complaint should be dismissed without leave to amend (under Federal Rule

of Civil Procedure Rule 12(b)(6), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012), for failing to allege sufficient facts to support a claim under 11 USC 523(a)(2)(A) or (a)(6).

### II. The Allegations in Plaintiffs' Proposed Second Amended Complaint Do Not State a Claim Under 11 U.S.C. 727(A)(4)(A)

11 U.S.C. 727(A)(4)(A) provides that a debtor may not be discharged if the "debtor knowingly and fraudulently, *in connection with the case*: (A) made a false oath or account." "In general, "to establish a claim under Section 727(a)(4)(A), a plaintiff must prove a material false oath, knowingly and fraudulently made, in connection with a bankruptcy case." *In re Gordon*, 535 BR 531, 537 [SDNY 2015] (citing *Pongvitayapanu,* 487 B.R. at 139; and, *O'Connell v. DeMartino (In re DeMartino),* 448 B.R. 122, 127 (Bankr.E.D.N.Y.2011)).

"A false statement or omission in the debtor's petition, schedules, or statements, satisfies the requirement of a false oath." *In re Gordon,* 535 BR 531, 537 [SDNY 2015].

In their proposed amended count three setting forth Plaintiffs' 11 U.S.C. 727(A)(4)(A) cause of action, alleges only two false oaths.

In their proposed amended count three, Plaintiffs alleges that Defendant made a "false oath," by falsifying entries in his voluntary petition for bankruptcy by: (1) listing "0" as the value of his interest in 1A Royal Thai Cuisine & 1A Anago Shushi Inc. ("1 A Royal"); and, (2) testifying that he was the sole owner of 1A Royal in a District Court case, when in fact he is only a 50% owner.

Neither of these two pass muster to deny Defendant bankruptcy discharge.

Plaintiff have no evidence contradicting Defendant's estimate of the value of 1 A Royal; they have an argument:

> Defendant Heng Li Zhu misrepresents to the Court, that his ownership value in 1 A Royal Thai Cuisine & 1A Anago Shush Inc. is $0.00, which is not possible for a corporation that was active and operating as of the date of the petition.

Dkt. No. 51-2, Second Amended Complaint, Paragraph 26.

It would be good news for many restaurant owners in New York City if it were true that it is "not possible for a corporation that was active and operating" to have a value of $0. Of course it is "possible;" Plaintiffs' argument is flat out ridiculous.

What about "testifying that he was the sole owner of 1A Royal in a District Court case, when in fact he is only a 50% owner?" Firstly, how does that constitute a false oath, ***in connection with the case***, i.e. the bankruptcy case? Plaintiffs does not point to a false oath in this case.

More importantly, under the "fifth element" of 727(a)(4)(A), in order to constitute a basis for non-dischargeability the false oath needs to be "material to the bankruptcy":

> "Under the fifth element, the debtor's statement must relate materially to the bankruptcy. Materiality depends on whether the information is pertinent "to the debtor's business transactions, or if it concerns the discovery of assets, business dealings, or the existence or disposition of the debtor's property."

*In re Gordon*, 535 BR 531, 538 [SDNY 2015].

Here, the two alleged "false oaths," are not material;[2] they make no difference to the bankruptcy.

Making a false oath in connection with a bankruptcy is a crime:

> The factual basis for prosecutions for false oaths turn, for most cases, on attempts by individual debtors or owners of small corporate entities to conceal assets from creditors and appointed trustees. Since every debtor is required to file a complete set of Schedules and a Statement of Financial Affairs which are sworn to, concealment of assets prepetition and post-petition necessitate misrepresentations and omissions in those documents. Where this occurs and is reported by a

---

[2] Defendant's "false oath" that his ownership interest in 1 A Royal is 50% and not 100% as he had testified in the underlying case, is not material given that 1 A Royal's value is $0.

bankruptcy judge or trustee to either the Federal Bureau of Investigation, the United States Trustee, or the United States Attorney, the Office of the United States Attorney determines whether to investigate and prosecute the crime.

170 Am. Jur. Proof of Facts 3d 299 (Originally published in 2018).

The criminal law (18 U.S.C.A. § 152(2) and (4)) contains similar language to 11 U.S.C. § 727(a)(4)(A), both of which require "knowingly and fraudulently makes a false oath or account in or in relation to any case under Title 11" vs. "knowingly and fraudulently, in or in connection with the case—made a false oath or account." Thus, the crime of bankruptcy fraud prevents discharge, as it should.

Has a crime of bankruptcy fraud been committed in this case? Does Plaintiffs allege facts sufficient to constitute that crime? Far from it.

Because Plaintiffs have failed to allege sufficient facts to constitute a violation of U.S.C. § 727(a)(4)(A), Plaintiffs' third cause of action in their second amended complaint should be dismissed without leave to amend (under Federal Rule of Civil Procedure Rule 12(b)(6), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012), for failing to allege sufficient facts to support a claim under 11 USC § 727(a)(4)(A).

## CONCLUSION

For all of these reasons, Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied and the case should be dismissed for failure to state a claim.

Dated: New York, New York
      October 13, 2021

                                            Respectfully Submitted,

                                            Shi & Associates,

                                            By: s/Edward Miller_____

Edward Miller, Esq.
Attorneys for Defendant
401 Broadway, Suite 409
New York, NY 10013
Tel: (212)965-8686